NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2021[*]
Decided April 12, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2862

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 15 CR 50022 |
| WILLIE B. HAYNES, | Philip G. Reinhard, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

Willie Haynes, a federal inmate suffering from hypertension and obesity, sought compassionate release under 18 U.S.C. § 3582(c)(1)(a)(i) because of his increased risk of severe complications if he contracts COVID-19. The district court acknowledged the severity of Haynes's medical conditions in light of the pandemic but concluded that the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

sentencing factors under 18 U.S.C. § 3553(a) weighed against his release. Because the court did not abuse its discretion in denying the motion, we affirm.

Haynes pleaded guilty in 2016 to possessing heroin and cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug-trafficking crime. 18 U.S.C. § 922(g)(1). He received a 48-month sentence on the drug count and a 60-month mandatory sentence on the firearm count, to be served consecutively. We affirmed the conviction on appeal. *United States v. Haynes*, 882 F.3d 662 (7th Cir. 2018).

In June 2020, Haynes moved for compassionate release under § 3582(c)(1)(A)(i). He asserted that, as an African-American man with hypertension and a body mass index over 40, he faces a high risk of severe complications or death if he contracts COVID-19. He argued that the court should grant him early release because he has never been convicted of a violent crime, has been in custody for over five years with only about two years left to serve, and has no prison disciplinary record.

The district court denied the motion. It concluded that, although his obesity and hypertension constituted extraordinary and compelling circumstances in light of the pandemic, the 18 U.S.C. § 3553(a) factors counseled against Haynes's early release. The court explained that Haynes's offense was serious; police officers arrested him with cocaine, heroin, drug packaging materials, a large amount of cash, and a loaded pistol. Moreover, when interviewed, Haynes admitted that he would have shot at the police officers if he had been in his house (rather than his car) at the time they were executing the search warrant. The court also noted that Haynes had prior felony convictions for drug possession and delivery, and for escape from an electronic home monitoring program. The court acknowledged Haynes's good behavior while in prison but determined that the § 3553(a) factors still weighed against his release.

On appeal, Haynes argues that the district court did not consider the § 3553(a) factors when denying his motion. He further contends that the court exaggerated any risk he might pose to the public if released and failed to credit his clean disciplinary record and rehabilitative efforts while in prison.

The district court did consider the § 3553(a) factors and reasonably determined that they weighed against Haynes's release, despite his health concerns. It appropriately emphasized the seriousness of Haynes's offense, including the drugs found together with a loaded pistol, as well as his statement that he would have shot at the arresting

officers had he been home at the time. *See* § 3553(a)(1). The court also highlighted Haynes's history and characteristics, which included a substantial criminal record, and the lengthy portion of his sentence that remained to be served. *See* § 3553(a)(1), (2). Although Haynes asserts that the court should have weighted more heavily his positive rehabilitative and educational efforts, *see* § 3553(a)(2)(D), the court did not abuse its considerable discretion in weighing the factors the way that it did. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

AFFIRMED